### 10362. Turner et al. v. Torphy.

Luke, J. In the trial court, as shown by the answer to the writ of certiorari, the evidence of the plaintiff was sufficient to have carried her case to a jury; and it was error to award a nonsuit. It was not error for the judge of the superior court to sustain the certiorari and remand the case for a new trial.

Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.

Decided October 9, 1919.

Certiorari; from Fulton superior court—Judge Ellis. January 20, 1919.

In this case a tenant of rooms in an apartment house sought to recover the value of the contents of a trunk alleged to have been stolen or destroyed while stored in a storage room of the house and in the custody and control of the defendants. In the rent contract J. T. Turner, "agent," was named as lessor, and it was signed by him; and the suit was against J. T. Turner and Mrs. Ida Alma Turner. The contract provided that certain rules of the apartment house should be a part of the contract, one of which was that "the rental in this lease includes storage room, which must be used for storage purposes only." Another provision of the contract was as follows: "All personal property placed in the premises . . shall be at the risk of the lessee or owner, and lessor shall not be liable for any damages to said personal property, or to the lessee arising from the bursting or leaking of water or steam pipes, or from any act of negligence of any cotenant or occupants of the building, or of any other person whomsoever." At the trial in the municipal court of Atlanta the rent contract was introduced in evidence, and the plaintiff testified as follows: He placed in the storage room referred to in the lease contract a certain trunk containing the articles described in his petition. The trunk was locked and his wife had a key to it. The storage room also was kept locked, and the only persons who carried a key to the room were the defendant J. T. Turner and the janitor who worked at the apartment house. He (the plaintiff) had no key to the storage room. Whenever he desired to enter his trunk he had to get the janitor or Mr. Turner to unlock the storage room and allow him to enter, and he entered it on two occasions after having stored the trunk there. On the second occasion his wife was out of town and he had to get a locksmith to unlock the trunk for him. When it was unlocked he discovered that the articles described in the peti-

tion had been removed from the trunk. Each time that he went into the storage room the janitor unlocked the door of the room and remained with him until he went out. He could not enter the storage room except by permission of J. T. Turner or the janitor. He could not watch over his property stored therein, on account of having no key and no access to the room except when let in by J. T. Turner or the janitor. Other tenants had property stored in the storage room. The reasonable market value of the articles described was the amount stated in the petition. The defendants refused to pay him their value. J. T. Turner was introduced as a witness for the plaintiff and testified that Mrs. Ida Alma Turner's husband had employed him to rent the apartments of the apartment house referred to, and that in signing the lease contract as agent he represented the owner of the house. Mrs. Ida Alma Turner was introduced as a witness for the plaintiff and testified that J. T. Turner, in making the lease contract, was acting as her agent and represented her; that she was the owner of the house and it was rented for her benefit; that she had nothing to do with the management of the house; that the rental of the apartments was under the management and control of her husband, and he had authority to employ others to make lease contracts in her behalf, and she received the benefit under this lease contract; that she knew nothing of the articles which the plaintiff claimed to have lost, and did not know whether he had lost them; that even if they were lost she was under no obligation to pay him for them. At the conclusion of the testimony the judge, on motion of counsel for the defendants, granted a nonsuit. An oral motion for a new trial was overruled; certiorari was sued out, and the judge of the superior court sustained the certiorari and ordered a new trial. The defendants excepted. It was contended in the brief of their counsel that the relation of bailor and bailee did not exist between the parties; that the contract released the landlord from responsibility for loss of the property; that no negligence or lack of diligence was shown; and that a judgment against the agent, J. T. Turner, would not stand.

*Paul L. Lindsay,* for plaintiffs in error.

*Guy Parker, Bryan & Middlebrooks,* contra.